# Wolverton's Appeal.

An offer to pay a portion of an entire debt will not operate to suspend the running of interest, even on a part of the debt. ·

(Decided October 5, 1885.)

Appeal from a decree of the Common Pleas of Columbia County, in equity. Modified.

NOTE.—Mere readiness to pay an absent creditor will not stop interest. Hummel v. Brown, 24 Pa. 310; Shaeffer's Estate, 9 Serg. & R. 263. Nor will an offer to pay less than is due. Delaware Ins. Co. v. Delaunie, 3

The suit was by James McAlarney and wife, against Wolver-- ton, and sought an adjustment of any indebtedness of complain-- ants to defendant, and a decree that on payment of the sum adjudged to be due, the defendant should convey to complainants. his interest in a tract of land described in the bill.

*John G. Freeze* and *C. R. Buckalew* for appellant.
*A. Ricketts* for appellee.

OPINION BY MR. JUSTICE STERRETT:

It is unnecessary to discuss the questions involved in the first. and second specifications.   For reasons given at length by the learned master and court below, the decree "that the deed mentioned in the pleadings from Abraham Klase to George Longenberger, John Fisher, and George Miller, for the tract of land therein described, was but a mortgage to secure the payment of a debt of Charles F. Mann to the amount of $6,045.93, and the defendant, S. P. Wolverton, holds the title of two undivided one-third parts of the land in said deed described, subject to the right of redemption of the same by the plaintiff, on payment of two thirds of the mortgage money to said Wolverton, with interest, if there shall be found so much due," and the reference of the case to a master to take an account, etc., were clearly right. The facts found by the master and approved by the court would. not have warranted any other conclusion.

The only question that requires any notice arises upon the account stated by the master and corrected by the court, *viz.,* whether the tender of $6,000, made February 13, 1866, had the effect of suspending interest on. that much of the debt secured by the defeasible deed.   According to the finding of the master, the debt at that time was $7,600.08, or $1,600.08 more than the sum tendered.   Aside from all other considerations, we think the tender was ineffective for the purpose of stopping interest, because defendant below was not bound to accept anything less than the whole debt due him at that time.   While there is some difference of opinion as to what is necessary to constitute a valid tender, the weight of authority is, that an offer to pay a portion of an entire debt will not have the effect

Binn. 295.   But a tender of the exact amount due, or the holding of the same at the request of the creditor under an agreement not to charge interest, will forfeit it.   Schneider's Estate, 14 Phila. Leg. Int. 122.

of suspending interest on any part thereof; and there is no good reason why it should. A creditor who has an entire claim against his debtor, is not bound to receive anything less than the entire amount due him. In Benjamin on Sales, 4th Am. ed. § 1069, the learned author says: "It is now settled that there can be no valid tender of a part of an entire debt though a debtor may make a valid tender of one of several distinct debts, if he specify the debt on account of which he makes the tender; and if he makes a tender without specifying which of several debts is the subject of the tender, and the amount tendered be insufficient to cover all, it will not be good for any." To the same effect is 2 Chitty on Contracts, 1188.

The interest, of which appellant was thus deprived by the decree, amounts to $4,541.36, or $1,506.67 more than the sum he was ordered to pay to appellee. Instead, therefore, of paying her anything, he is entitled to receive the last-mentioned sum with interest from March 17, 1884; and that should be paid within a reasonable time, say ninety days from this date, and before appellant shall be required to execute and deliver the deed mentioned in the second sentence of the decree. The decree must be modified by striking out the second sentence and making the necessary substitution in lieu thereof. It is unnecessary to notice the remaining specifications. The very able argument of appellant's counsel has failed to convince us that there is any error in the decree except in the single matter referred to above.

It is, therefore, adjudged and decreed that the decree be reversed and modified by striking out the second sentence thereof, wherein appellant is ordered to pay appellee the sum of $3,396, with interest from March 17, 1884, and convey to her the tract of land described in the bill, etc., and, in lieu thereof inserting the following, viz., and it is further adjudged and decreed that there is due to appellant, Simon P. Wolverton, $1,506.67, part of the debt secured by the deed mentioned in the bill, with interest from March 17, 1884, and that upon payment to him of said sum with interest as aforesaid, within ninety days from the date hereof, he, the said Simon P. Wolverton, shall forthwith convey to the appellee, Mary McAlarney, in fee the tract of land, in the warrantee name of Catharine Longenberger, described in the bill, clear of all encumbrances created by him.

And it is further adjudged and decreed that, with the fore-

going modification and alteration, the decree of the court below, thus modified, be affirmed, and that the costs of this appeal be paid by the appellee.